NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

ANDREW REYES,

        Petitioner,

     v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 04-1952 (JAG)

**OPINION**

---

**GREENAWAY, JR., U.S.D.J.**

      Petitioner Andrew Reyes ("Petitioner") petitions for the issuance of a writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2255. Petitioner seeks to move this Court to vacate, set aside, or correct his sentence. Petitioner argues that this Court incorrectly considered his status as a career offender during his sentencing proceeding. For the reasons set forth in this opinion, this Court shall dismiss the Petition, without prejudice.

**PROCEDURAL HISTORY**

      On September 20, 1996, Petitioner was arrested for eluding a law enforcement officer. On May 9, 1997, Petitioner pled guilty to second-degree eluding, pursuant to N.J. Stat. Ann. 2C:29-2b.

      On June 21, 1999, Petitioner was convicted for conspiracy to violate narcotic laws, pursuant to N.J. Stat. Ann. 2C:5-2; possession of a controlled, dangerous substance, pursuant to

1

N.J. Stat. Ann. 2C:35-10a; and distributing a controlled, dangerous substance, pursuant to N.J. Stat. Ann. 2C:35-5b.

On July 24, 2000, Petitioner was arrested for possession and conspiracy to distribute heroin. On September 19, 2000, Petitioner pled guilty before this Court to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On April 12, 2001, Petitioner attempted to amend his eluding conviction from a second degree offense to a third degree offense. The New Jersey Superior Court held that his claim was procedurally barred. The Appellate division affirmed and the New Jersey Supreme Court denied Petitioner's petition seeking certification. State v. Reyes, A-3694-01T4 (N.J. Super. Ct. App. Div. 2003), Docket Entry No. 11-2; State v. Reyes, 178 N.J. 251 (2003).

On March 5, 2002, this Court held a sentencing hearing, during which it considered, among other factors, Petitioner's criminal history. This Court ruled that the May 9, 1997 eluding conviction and the June 21, 1999 drug conspiracy conviction were both crimes of violence, as defined in the United States Sentencing Guidelines ("Sentencing Guidelines"). See U.S.S.G. § 4B1.2. This Court concluded that Petitioner was a career offender, pursuant to U.S.S.G § 4B1.1 of the Sentencing Guidelines. This Court declined to exercise its discretion to downwardly depart from the Sentencing Guidelines, and sentenced Petitioner to a term of 151 months incarceration followed by five years of supervised release.

Petitioner appealed this Court's determination to the Third Circuit Court of Appeals. He argued that his eluding offense was not a crime of violence within the meaning of U.S.S.G. § 4B1.2. Petitioner argued that he pled guilty to third degree eluding, which is not a crime of

2

violence; therefore, he should not have been sentenced as a career offender.[1] The Third Circuit upheld this Court's sentence by holding that Petitioner had pled to second degree eluding, which was a "crime of violence." United States v. Reyes, 56 Fed. Appx. 559 (3d Cir. 2002). The Supreme Court denied Petitioner's petition for certiorari on April 23, 2003. Reyes v. United States, 538 U.S. 1007 (2003).

On April 23, 2004, Petitioner filed this Petition, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Petitioner asked this Court to hold his Petition in abeyance while he attempted to vacate his two New Jersey state convictions, which Petitioner had alleged were unconstitutionally obtained. Petitioner argued that if his state convictions were vacated, then he should be re-sentenced for his federal conviction because he would no longer be a career offender.[2] On the same date, Petitioner also filed a separate "Motion to Hold Proceedings in Abeyance."

On June 8, 2004, this Court issued an order denying Petitioner's April 23, 2004 Motion and ordering Petitioner to file an amended complaint by August 1, 2004. The Order stated that if Petitioner failed to file an amended complaint by the given date, then this Court would rule on the pleadings as filed.

---

[1] Petitioner also argued that this Court failed to depart downward on his sentence based on the fact that his criminal history was overstated. The Third Circuit Court of Appeals held that it did not have jurisdiction over this matter because this Court recognized that it had discretion to downwardly depart from Plaintiff's sentence, but choose not to exercise that discretion. United States v. Reyes, 56 Fed. Appx. 559 (3d Cir. 2002).

[2] In ground three of his Petition, Petitioner also claimed that he had received ineffective assistance of counsel from the attorney that represented him at his federal sentencing hearing, because that attorney had failed to ask this Court to consider a downward departure due to Petitioner's poor childhood and upbringing. On August 1, 2006, during a hearing before this Court, Petitioner voluntarily dismissed this ground of his Petition.

3

On September 9, 2004, this Court granted Petitioner's application to proceed in forma pauperis on the condition that Petitioner provide a certified copy of his trust fund account statement within 45 days of the issuance of the Order.

On November 19, 2004, this Court ordered the Petition withdrawn and the matter closed for failure to provide a certified trust fund account statement within 45 days of this Court's September 9, 2004 Order.

On February 17, 2005, Petitioner sought for relief from judgment, claiming that he had submitted a copy of his trust fund account statement, in accordance with this Court's September 9, 2004 Order.

On April 7, 2006, Petitioner filed a brief in support of his Petition.

On April 18, 2006, this Court issued an order denying Petitioner's relief from judgment motion as moot, and re-opened Petitioner's case for relief from judgment. On the same date, this Court ordered Respondent to answer. Respondent filed their omnibus memorandum on October 18, 2006.

## STATEMENT OF FACTS

On May 9, 1997, Petitioner pled guilty to eluding a law enforcement officer in the second degree, pursuant to N.J. Stat. Ann. 2C:29-2b. N.J. Stat. Ann. 2C:29-2b states:

> Any person, while operating a motor vehicle on any street or highway in this State or any vessel, as defined pursuant to section 2 of P.L.1995, c . 401 (C.12:7-71), on the waters of this State, who knowingly flees or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle or vessel to a full stop commits a crime of the third degree; except that, a person is guilty of a crime of the second degree if the flight or attempt to elude creates a risk of death or injury to any person.

Petitioner was indicted for second degree eluding in section one of the plea form. State v. Reyes, A-3694-01T4 (N.J. Super. Ct. App. Div. 2003), Docket Entry No. 11-2. However, under the heading "List the charges to which you are pleading guilty" there was a handwritten notation that indicated "eluding 3." Id.

During the sentencing, the trial judge addressed Petitioner and stated that Petitioner had pled guilty to second degree eluding and would be sentenced as a third degree offender. Id. Petitioner was sentenced to a term of three years with one-year of parole ineligibility.

On April 23, 2004, Petitioner sought habeas corpus relief, pursuant to 28 U.S.C. § 2255. On October 8, 2004, Petitioner also petitioned for habeas corpus relief from his state convictions, pursuant to 28 U.S.C. § 2254. On August 2, 2006, Judge William Martini of the District of New Jersey issued an opinion dismissing Petitioner's Section 2254 petition as time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limit. On September 5, 2006, Petitioner filed a "Notice of Appeal," appealing that court's opinion to the Third Circuit Court of Appeals. The appeal of Judge Martini's ruling is still pending.

## LEGAL STANDARD

Section 2255 of Title 28 of the United States Code allows a prisoner in custody to file a petition for a writ of habeas corpus with the sentencing court on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds. See 28 U.S.C. § 2255. "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court."

5

<u>United States v. Williams</u>, 615 F.2d 585, 591 (3d Cir. 1980).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  <u>See id.</u>

AEDPA imposes a one-year limitation on motions by prisoners seeking to modify their federal sentences.  28 U.S.C. § 2255.  The one-year period begins at the latest of four dates: (1) the date on which the conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.

## DISCUSSION

### A.  Amended Petition

In his most recent brief, Petitioner alleges that this Court incorrectly deemed his eluding conviction to be a crime of violence and incorrectly sentenced him as a career offender.  (Petr.'s Br. at 7.)  Petitioner argues that he effectively pled guilty to third degree eluding and not to second degree eluding.  (<u>Id.</u>)  Petitioner claims that third degree eluding is an offense that does not have an element of risk of injury, and therefore is not a crime of violence.  (<u>Id.</u> at 8.)  In the alternative, Petitioner argues that even if this Court correctly construed his eluding conviction as a second degree offense, his actual conduct did not constitute a crime of violence.  (<u>Id.</u>)  Petitioner also argues that a conviction under N.J. Stat. Ann. 2C:29-2(b) is not necessarily a

6

crime of violence because the statute only provides for a permissive inference of risk of death or injury, not a requirement that risk of death or injury be a predicate for conviction.  (Id.)

Petitioner claims that this Court engaged in impermissible fact finding when it determined that his prior eluding conviction was a crime of violence.  (Id. at 14.)  Petitioner argues that fact finding beyond the mere fact of a past conviction is prohibited by cases such as Apprendi v. New Jersey, 530 U.S. 466, 518-523 (2000) and United States v. Weaver, 267 F.3d 231, 251-252 (3d Cir. 2001), and is a violation his Sixth Amendment rights.  Similarly, Petitioner claims that this Court relied on facts other than the existence of a prior conviction by resolving a disputed fact about a prior conviction, and by considering facts beyond those that Petitioner allocuted in his plea agreement.  (Petr.'s B. at 17-21.)  Therefore, his original sentence should be vacated and another sentencing hearing held.  (Id. at 13.)

Respondent, however, notes that Petitioner only raised these issues for the first time in his April 7, 2006 brief.  (Docket Entry No. 20.)  In his original Petition, Petitioner only claimed two relevant grounds of relief: (1) abeyance of his Petition pending the vacation of his state convictions; and (2) vacation of his federal sentence and re-sentencing if his state convictions were vacated.  Petitioner's current arguments constitute an attempted amendment to his Petition.  See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 463 (3d Cir. 1996) (holding that after the statute of limitations had run, plaintiff could not amend his complaint by raising new claims in his brief unless the claims related back to his original claim).  Respondent argues that Petitioner's amendments do not relate back to his original petition and are, therefore, barred from this Court's consideration.

Federal habeas corpus proceedings are governed by the Rules Governing Section 2255

7

Cases in the United States District Courts ("Section 2255 Rules"). Section 2255 Rule 11 notes that federal habeas corpus proceedings are also governed by the Federal Rules of Civil Procedure ("FRCP") and the Federal Rules of Criminal Procedure, "to the extent that they are not inconsistent with any statutory provisions or these rules." Id. Similarly, FED. R. CIV. P. 81(a)(2) states that civil rules are applicable to habeas corpus proceedings.

FED. R. CIV. P. 15(a) allows amendment of pleadings "with the leave of the court" at any time during proceedings and "once as a matter of course" before the service of responsive pleadings.[3]

FED. R. CIV. P. 15(c)(2) allows amendments made after the statute of limitations has run to relate back to the date of the original pleading if both the original and the amended pleadings "arise out of the same conduct, transaction, or occurrence." FED. R. CIV. P. 15(c)(2).

The relevant statute of limitations for the Petition is AEDPA's one-year limitation on motions by prisoners seeking to modify their federal sentences. 28 U.S.C. § 2255 ("A one-year period of limitation shall apply to a motion under this section"). Under AEDPA, Petitioner's one-year period began on the date that his conviction was made final, which was when his petition for certiorari was denied on April 28, 2003. 28 U.S.C. § 2255 ("The [one-year] limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . ."). On April 23, 2004, prior to the expiration of the one-year AEDPA period, Petitioner filed his original Petition. Subsequent amendments to the Petition were made after the statute of limitations expired. On October 18, 2006, Respondent filed an omnibus memorandum

---

[3] For purposes of habeas corpus proceedings, an original pleading, as referred to in Rule 15, is the petition. Felix v. Mayle, 545 U.S. 644, --, 125 S. Ct. 2562, 2569 (2005).

addressing Petitioner's claims.

Although Petitioner filed his amended claims prior to the filing of a responsive pleading, Section 2255 Rule 5(a) states that "the respondent is not required to answer the motion unless the judge so orders." This Court did not order Respondent to answer the Petition until April 18, 2006. Therefore, the failure to file a responsive pleading before the petitioner's amendments does not allow the amendments to escape the statute of limitations. Felix v. Mayle, 545 U.S. 644, --, 125 S. Ct. 2562, 2568 (2005) (holding that a petitioner's time-barred amendments were not saved by having been made prior to the filing of a responsive pleading).

Also under Felix, 125 S. Ct. at 2573, an amendment made after the statute of limitations has run does not relate back to the original pleading simply because they relate to the same trial, conviction, or sentence. In Felix, the petitioner, a state prisoner challenging his sentence under 28 U.S.C. § 2254,[4] asserted Fifth Amendment claims five months after the expiration of AEDPA's time limit and before a responsive pleading was filed by the government. Id. at 2567. The Court held that relation back is in order, if the original and amended petitions "state claims are tied to a common core of operative facts." Id. at 2575.

The Third Circuit Court of Appeals has applied the standard set in Felix. In United States v. Massara, 174 Fed. Appx. 703, 707 (3d Cir. 2006), the Third Circuit held that a petitioner's amended claim was untimely because it related to a different arrest and was not "tied to the same core of operative facts."

Earlier Third Circuit precedent also conforms to the holding in Felix. See United States

---

[4] AEDPA amended the limitations period for 28 U.S.C. §§ 2254 and 2255 with the same one-year limitation. See 28 U.S.C. § 2244(d)(1); See also Pub. L. 104-132, Title I, §§ 101 and 105.

9

v. Duffus, 174 F.3d 333, 336-338 (3d Cir. 1999). In United States v. Duffus, the court noted that a petitioner may not add a completely new theory of relief or a new claim after the expiration of the AEDPA period. Id. The court noted that the time period under AEDPA is not necessarily inconsistent with Rule 15(a) of the Federal Rules of Civil Procedure, because the district courts retain the authority to consider a motion to amend a habeas petition so long as the amendment only clarifies a "claim initially made." Id. at 337

Felix states that new claims do not relate back if they "depend upon events separate in 'both time and type'" from the original pleading. Felix, 125 S.Ct. at 2571. While all of Petitioner's claims relate to the same state eluding conviction, the original claims differ fundamentally from the additional claims. The original claims state that Petitioner's state court convictions are defective and that Petitioner will seek post-conviction relief to address these defects. Petitioner would then return to this Court so that his career criminal determination could be reconsidered, given the vacation of the underlying sentences. These original claims focus on the underlying state convictions, which occurred in 1996 and 1999.

The amended claims allege that this Court's determination – that Petitioner's eluding offense was a crime of violence – was incorrect and impermissible. The amended claims focus on the actions of this Court during the sentencing phase, which occurred in 2002. As the original pleading and the amended claims focus on different events in different time periods, they "do not relate back under the definition of 'conduct, transaction, or occurrence.'" Id.

Therefore, this Court finds that Petitioner's amended claims, found in his April 7, 2006 brief, were filed after the expiration of AEDPA's one-year period and do not relate back to his original Petition. As a result, this Court will address the original Petition as filed and dismiss the

new or amended claims with prejudice.

### B. Original Petition

The original Petition claims two relevant grounds for relief. The first asks this Court to hold Petitioner's 28 U.S.C. § 2255 motion in abeyance while Petitioner moves to vacate his prior state convictions. The second asks this Court, upon vacation of his state sentence, to vacate his federal sentence and re-sentence him on the ground that he no longer qualifies as a career criminal.

#### 1. Re-Sentencing

A petitioner may use 28 U.S.C. § 2255 to attack enhanced sentences when the underlying state conviction has been vacated. Daniels v. United States, 532 U.S. 374 (2001). Daniels states that a federal sentence may be reopened if a challenge to the underlying state conviction, either through state court or federal habeas review, is successful. Id. at 382. However, if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." Id.

Respondent argues that the Petition is unripe because Petitioner has not vacated his state sentence. This Court agrees. Under Johnson v. United States, 544 U.S. 295, 311 (2005), the one-year statute of limitations does not begin to run until a petitioner's state court sentence is vacated, as long as a petitioner is diligently seeking the vacation of the state sentence. Petitioner's Section 2254 petition is on appeal to the Third Circuit. Thus, the one-year limitation period does not begin to run until the date that Petitioner's state sentence is vacated. Therefore, his current Petition is premature because the vacation of his state court convictions is a necessary

11

predicate before a successful attack on Petitioner's federal sentence can occur.  See Johnson v. United States, 2006 WL 1173434 (S.D. Ga. April 25, 2006) (the court held that it did not have jurisdiction over the petition because the underlying convictions that formed the basis for the petitioner's federal sentence had not been overturned); see also Armstrong World Indus. v. Adams, 961 F.2d 405, 411 (3d Cir. 1992) (An action is only ripe for adjudication if it is: (1) real and not hypothetical; (2) affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication; and (3) sharpens the issues for judicial resolution.).

Petitioner's claim for re-sentencing is currently hypothetical.  Without the vacation of Petitioner's state sentences, this Court cannot consider whether Petitioner's federal sentence should be vacated and whether Petitioner should be re-sentenced.  At a time when the underlying state sentences have been vacated, Petitioner may be able to seek relief from his federal sentence by a separate petition for habeas corpus, pursuant to 28 U.S.C. § 2255.

### 2.    *Abeyance*

On June 8, 2004, this Court issued an order denying Petitioner's "Motion to Leave to Hold Proceedings in Abeyance and to Later File Amended Motion Pursuant to 28 U.S.C. § 2255."  (Docket Entry No. 6).  At the time of the issuance of the Order, however, Petitioner had not filed a Section 2254 petition.  Petitioner filed such a petition on October 8, 2004.  The Section 2254 petition was dismissed on August 3, 2006.  Petitioner is currently appealing the dismissal of the Section 2254 petition to the Third Circuit Court of Appeals.

Under Johnson v. United States, 544 U.S. at 311, the AEDPA statute of limitations begins to run at the date that an underlying state sentence is vacated if, after the date of his federal sentence, the petitioner moved "diligently to obtain the state-court order vacating his

predicate conviction." Therefore, if Petitioner's appeal is successful and his state convictions are overturned, then Petitioner may file another habeas corpus petition, pursuant to 28 U.S.C. § 2255. The question of whether he diligently sought to vacate his state sentence would be addressed at that time.

Holding the current Petition in abeyance pending the resolution of Petitioner's appeal of his Section 2254 petition unnecessary given the Supreme Court's ruling in Johnson. Petitioner's motion to hold his petition in abeyance is denied.

## **CONCLUSION**

For the reasons stated above, this Court denies the Petitioner's motion to hold the Petition in abeyance and dismisses the Petition, without prejudice.

Dated: December 28, 2006

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.